**SMITH v. SMITH et al.**

No. 4482.

Circuit Court of Appeals, Third Circuit.

Jan. 23, 1931.

Elverton H. Wicks and Morris, Walker, Bothwell & Harrison, all of Pittsburgh, Pa., for appellant.

John L. Nesbit and G. G. Martin, both of Franklin, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

It appears in this case that the Penn-Cities Oil Company, of Pennsylvania, made one Montgomery, of Oklahoma, its agent to sell oil properties it owned in Texas. Montgomery was unable to do so and, in order to secure aid in Texas, he made, without any knowledge of the defendants, an oral agreement with the plaintiff to endeavor to secure a purchaser and agreed to divide commissions with him if he succeeded. Thereafter, on November 28, 1922, the plaintiff telegraphed the defendants as follows:

"Seaboard Oil and Gas Company will look at your Herron City 371 acre property priced $1,000,000.00, about $200,000.00 cash, balance notes Stop I am agent here Montgomery, Oklahoma City. Our commission five per cent cash on gross selling price. Wire answer quick 225 North Crawford St., Dallas, Texas.

"R. E. I. Smith"

To this message the defendants replied:

"Will not sell for less than half million cash. Balance to be arranged."

To this latter the plaintiff made no reply and, indeed, did not communicate in any way with defendants. On March 23, 1923, the latter sold their property to the Seaboard Oil & Gas Company and, on such sale becoming public, the plaintiff wrote the defendants claiming commissions and thereafter brought this suit to recover the same. The court below held that the facts pleaded by the plaintiff did not "disclose either expressed or implied agreement between the plaintiff and the defendants to employ him as their sales agent for the property of the defendants. If there is any contract disclosed, it is with Montgomery and not with the plaintiff."

Without discussing the other questions argued, and confining ourselves to a single basic and decisive one involved, we are of opinion that in so holding and entering judgment in favor of the defendants, no error was committed. The defendants appointed Montgomery their agent; their dealings were with him. There was no agreement, express or implied, between them and the plaintiff.

His message to them stated he was the agent of Montgomery, and in replying thereto and giving such agent of Montgomery the terms on which they would sell, they in no way enlarged, changed, or modified the sole agency they had intrusted to Montgomery. It follows therefore that the plaintiff was the mere subagent of the latter and that as against the defendants he had no relation or agreement, express or implied. The plaintiff's relation was with Montgomery, and for his services he must look to Montgomery, his employer. No person would be safe in employing an agent whom he personally trusted, if by such employment he became liable to every subagent for commissions, although such subagent was employed without his knowledge or consent. Without further discussion, it follows that when this suit was instituted there was no right of action in the plaintiff, and the judgment below is affirmed.